# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SKYLER TURNER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **SANTANDER CONSUMER USA, INC.;** ) | |
| **TRANS UNION, LLC; EQUIFAX** ) | |
| **INFORMATION SERVICES, LLC;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Skyler Turner, by and through undersigned counsel, and for his complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C.

§1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Skyler Turner, is over the age of nineteen (19) years and is currently a resident of the city of Madison in Madison County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Santander Consumer USA, Inc. (hereinafter referred to as "Santander") is a foreign corporation organized under the laws of the State of Illinois.  Santander does and has at all pertinent times done business in this Judicial District.

4. Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware corporation that has a principal place of business in Illinois.  Trans Union does and has at all pertinent times done business in this Judicial District.

5. Equifax Information Services, LLC (hereinafter "Equifax") is a foreign corporation organized under the laws of the State of Georgia and has a principal place of business in the state of Georgia.  Equifax does and has at all pertinent times relevant herein done business in

this district.

6. Both Equifax and Trans Union are nationwide consumer reporting agencies as that term is defined by 15 U.S.C. §1681a(f).

7. Upon information and belief, Defendant Trans Union and Defendant Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

8. Upon information and belief Trans Union and Equifax disburse consumer reports to third parties for monetary compensation.

9. A substantial portion of the events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

10. At some time prior to the events made the basis of this lawsuit, Plaintiff applied for and received an automobile loan with Defendant Santander.

11. Upon information and belief, on or prior to March 2012, Santander charged Plaintiff's account off.

12. Plaintiff made payments to resolve any delinquency.  As a result, Defendant Santander represented to Plaintiff that the account was "current." Plaintiff continued to make his scheduled payments on the account and, as of September 2015, he was paying as agreed and his account was still current and not past due.

13. Despite his paying as agreed, Plaintiff learned that his Santander account was likely being reported as delinquent.

14. On or about September 1, 2015, Plaintiff disputed the delinquency status of his Santander account with Defendants Trans Union and Equifax and requested reinvestigation.  Included with his disputes he sent his Santander account payment history and a screen shot from Santander's website showing that he was current on his payments.

15. On or about September 1, 2015, Plaintiff also disputed the delinquency status of his Santander account with Experian Information Solutions, LLC, another credit bureau that is not currently a party to this lawsuit.

16. Trans Union purportedly reinvestigated the Plaintiff's dispute and reported the results of its so-called reinvestigation to the Plaintiff on or about October 1, 2015.

17. Trans Union did not remove or correct the "past due" notation appearing on Plaintiff's Trans Union report for the Santander account tradeline.

18. Equifax purportedly reinvestigated the Plaintiff's dispute and reported the results of its so-called reinvestigation to the Plaintiff on or about September 25, 2015.

19. Equifax did not remove or correct the "past due" notation appearing on Plaintiff's Equifax report for the Santander account tradeline.

20. The inaccurate information published by Trans Union, Equifax and Santander negatively reflected on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS TRANS UNION AND EQUIFAX

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants Trans Union and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure

maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

23. Equifax and Trans Union's intentional refusals to conduct reinvestigations violated 15 U.S.C. § 1681i(a)(1)(A).

24. Trans Union and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to Santander; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

25. As a result of this wrongful conduct, action and inaction of Trans Union and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

26. Equifax and Trans Union's refusal to perform a reinvestigation and their subsequent conduct was both willful, rendering these

      Defendants liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

27. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT SANTANDER

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Santander violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Trans Union and Equifax inaccurate information regarding the "past due" status of an account it represented to Plaintiff was "current"; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Trans Union and/or Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by

failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Santander representations to the consumer reporting agencies.

30. After receiving notification from Trans Union and Equifax about Plaintiff's disputed account, Santander did not contact any third parties other than Trans Union when investigating Plaintiff's dispute. Further, Santander verified the alleged bankruptcy to Trans Union in response to each dispute it received from Trans Union.

31. As a result of Santander's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

32. Santander's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Santander was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from

Santander in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

/s/ *John C. Hubbard*
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
P.O. Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
Facsimile: (205) 690-4525
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Mr. Skyler Turner
127 Portal Lane
Madison, AL 35758

**PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING:**

**SANTANDER CONSUMER USA, INC**   2 North Jackson St., Suite 605
c/o C T Corporation System            Montgomery, AL 36104

| | |
|---|---|
| **TRANS UNION, L.L.C.** | **EQUIFAX INFORMATION SERVICES, LLC** |
| c/o Prentice-Hall Corporation System, Inc. | c/o CSC Lawyers Incorporating Services, Inc. |
| 150 S. Perry Street | 150 S. Perry Street |
| Montgomery, AL 36104 | Montgomery, AL 36104 |