FILED

2015 Dec-21  AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Northeastern Division

SKYLER TURNER,

    Plaintiff,

v.                                                            Case No. 5:15-cv-01813-HGD

SANTANDER CONSUMER USA,
INC., *et al.,*

    Defendants.

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

{MB212034.1}                                            1

1.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Equifax admits is does business in this district. Equifax states it is a limited liability company formed under the laws of the State of Georgia.

6.      Equifax admits the allegations in Paragraph 6.

7.      Equifax admits the allegations in Paragraph 7.

8.      Equifax admits the allegations in Paragraph 8.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.      Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 12.

13.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

15.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Equifax states that the results of its reinvestigation speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied.

19.    Equifax states that the results of its reinvestigation speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the results, the allegations are denied.

20.    Equifax denies the allegations in Paragraph 20.

21.    Paragraph 21 contains no allegations. To the extent anything in Paragraph 21 can be construed as allegations against Equifax, those allegations are denied.

22.    Equifax denies the allegations in Paragraph 22.

23.    Equifax denies the allegations in Paragraph 23.

24.    Equifax denies the allegations in Paragraph 24.

25.    Equifax denies the allegations in Paragraph 25.

26.    Equifax denies the allegations in Paragraph 26.

27.    Equifax denies the allegations in Paragraph 27.

28.    Paragraph 28 contains no allegations. To the extent anything in Paragraph 28 can be construed as allegations against Equifax, those allegations are denied.

29.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to

recover punitive or statutory damages.

## FIFTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## SIXTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## SEVENTH DEFENSE

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action;

(3)     it receive a trial by jury for all issues so triable;

(4)     it recover such other and additional relief as the Court deems just and

appropriate.

Respectfully submitted,


*/s/ Kirkland E. Reid*
KIRKLAND E. REID (REIDK9451)
Attorney for Equifax Information Services
LLC


OF COUNSEL:
Jones Walker LLP
RSA Battle House Tower
11 North Water Street
Suite 1200
Mobile, AL 36602
Phone:  (251) 439-7513
Fax:     (251) 439-7358
kreid@joneswalker.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John C. Hubbard
JOHN C. HUBBARD LLC
P.O. Box 961
Pelham, AL 35124

W. Whitney Seals
PATE & COCHRUN, LLP
P O Box 10448
Birmingham, AL 35202-0448
*Attorneys for Plaintiff*

Dated:  December 21,  2015.

/s/ *Kirkland E. Reid*
Kirkland E. Reid